

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30197 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-05569-MJP-1 |
| v. | |
| JOSE LUIS MURILLO ESPINOSA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted April 5, 2016**
Seattle, Washington

Before: RAWLINSON, CALLAHAN, and GILMAN*** Circuit Judges.

Defendant-Appellant Jose Luis Murillo Espinosa was found guilty by a jury

of 1) conspiracy to possess heroin and morphine with intent to distribute and,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2) possession of heroin or morphine with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. He now appeals his convictions.

The district court did not plainly err when it allowed a Drug Enforcement Agency (DEA) agent to provide expert testimony about the structure and methods of drug-trafficking organizations, because the testimony was relevant and more probative than prejudicial. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1071 (9th Cir. 2011), *as amended*. The DEA agent's expert testimony was directly relevant to the charge of conspiracy and rebutted Espinosa's assertion that, although he was discovered in a drug stash house with heroin in his suitcase, he had nothing to do with the drug-distribution activities that occurred there. Further, the DEA agent's testimony helped the jury understand Espinosa's role in the conspiracy, including comments made by Espinosa to other co-conspirators, and the significance of evidence found in Espinosa's room. In any event, Espinosa has not shown that admission of the testimony affected the fairness of the proceedings against him. *See United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011).

**AFFIRMED.**